**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.**

MATTHEW EDWARDS,

    Plaintiff,

    v.

FRIEDMAN ASSOCIATES ACCOUNTANTS
& CONSULTANTS, PA, and MILTON G. FRIEDMAN

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, MATTHEW EDWARDS, (hereinafter "Plaintiff" or "EDWARDS"), by and through his undersigned attorney, hereby files this Complaint against Defendants, FRIEDMAN ASSOCIATES ACCOUNTANTS & CONSULTANTS, PA, and MILTON G. FRIEDMAN ("FRIEDMAN PA," "FRIEDMAN," and collectively "Defendants") and says:

### **JURISDICTION AND VENUE**

1.    This action is brought against Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act"), and Florida Statutes § 448.110 (hereinafter "Florida's Minimum Wage Act," or "FMWA").

2.    Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3.    Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's

claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4.     All conditions precedent to this action have been performed or waived.

5.     Plaintiff sent a letter of demand to Defendants on February 12, 2020, which put Defendants on notice of Plaintiff's intent to initiate the instant action ("Demand," attached hereto as "Exhibit A"), pursuant to Fla. Stat. §448.110(6)(a).

## PARTIES

6.     Plaintiff is a resident of Broward County, Florida. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a bookkeeper. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e) and covered as an individual under the FLSA.

7.     Defendant FRIEDMAN PA is a Florida Profit Corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida, with its principal place of business in Broward County, Florida. Defendant FRIEDMAN PA has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8.     FRIEDMAN PA provides Due Diligence, Forensic, Specialized Tax representation and planning, and Valuation/Appraisal services in South Florida.

9.     Defendant FRIEDMAN owned and operated FRIEDMAN PA at all times material hereto and, upon information and belief, is a resident of Broward County, Florida. The Florida Department of State Division of Corporations lists FRIEDMAN as President of FRIEDMAN PA.

10.     Defendant FRIEDMAN had operational control of significant aspects of FRIEDMAN PA's day to day functions, including employment practices and compensation of

employees, and was responsible for the supervision and control of Plaintiff and the work Plaintiff performed.

11.     Defendant FRIEDMAN also had the power to hire and fire employees of FRIEDMAN PA, set their wages, retain time and/or wage records, and otherwise control the terms of the employment. Defendant FRIEDMAN also had the power to stop any illegal pay practices that harmed Plaintiff.

12.     Defendant FRIEDMAN acted and acts directly in the interests of FRIEDMAN PA in relation to its employees and, thus, Defendant FRIEDMAN was and is an employer within the meaning of Section 3(d) of the FLSA.

13.     At all times relevant hereto, Defendants were covered employers under the FLSA 29 U.S.C. §§ 203(d) and (s)(1) in that they had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14.     At all times material to this Complaint, Defendants have had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce and therefore have employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

15.     Plaintiff should have been classified as an employee rather than an independent contractor throughout his employment because the manner in which he was to perform his work was dictated by Defendants.

## GENERAL ALLEGATIONS

16.     Plaintiff was a non-exempt employee of Defendants and was subject to the payroll practices and procedures set forth hereinafter.

17.    Plaintiff worked for Defendants as a bookkeeper from January 13, 2020 until January 23, 2020, with his rate of pay at $30.00 per hour.

18.    Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

19.    During Plaintiff's employment with Defendants, Plaintiff worked for 59 hours but received no compensation. Specifically, Plaintiff worked seven 8-hour days from January 13, 2020 to January 17, 2020, January 20, 2020, and January 21, 2020, and three hours on January 22, 2020.

20.     Defendants therefore paid Plaintiff nothing for his employment, in violation of minimum wage laws.

21.    Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

22.    Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this Action.

**COUNT I: VIOLATION OF FLSA / MINIMUM WAGE**

23.    Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

24.    During the course of Plaintiff's employment with Defendants, Plaintiff was to be compensated at $30.00 per hour.

25.    For Plaintiff's employment with Defendants, from January 13, 2020 to January 23, 2020, Plaintiff worked for 59 hours but received no compensation.

26.    Defendants knew that Plaintiff worked 59 hours for their benefits but refused to compensate him properly.

27.     Defendants willfully violated §§ 6 and 15 of the FLSA by failing to compensate Plaintiff at a rate equal to the federal minimum wage for work performed while Defendants employed Plaintiff during the relevant time period.

28.     As a direct result of Defendants' willful violation of federal laws, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff MATTHEW EDWARDS requests judgment for:

    a.  Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid.

    b.  Interest on the amount found due;

    c.  Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d.  Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.  Such other relief as the Court deems just and proper.

## COUNT II – VIOLATION OF FMWA

29.     Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

30.     This action is brought under Florida's Minimum Wage Act (FMWA), § 448.110, Florida Statutes.

31.     On February 12, 2020, Plaintiff sent a demand letter to Defendants for his unpaid wages, pursuant to Fla. Stat. §448.110(6)(a). Defendants refused to remit payment for Plaintiff's unpaid compensation.

32.     Defendants violated FMWA by paying Plaintiff less than minimum wage for any hours he worked during his employment from January 13, 2020 to January 23, 2020.

33.     Defendants knew Plaintiff worked 59 hours for their benefits during Plaintiff's employment but deliberately refused to properly compensate him.

34.     As a result of Defendants' willful violation of FMWA, Plaintiff has suffered damages, including wages, liquidated damages, and costs and fees associated with this action.

**WHEREFORE**, Plaintiff MATTHEW EDWARDS requests judgment as follows:

    a.  Unpaid minimum wages in the amount to be determined by the Court, less any amount shown as actually paid;

    b.  Interest on the amount found due;

    c.  Liquidated damages pursuant to Fla. Stat. § 448.110(6)(c);

    d.  Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.110(6)(c); and

    e.  Such other relief as the Court deems just and proper.

## COUNT III –UNPAID WAGES

35.     Plaintiff re-alleges and re-avers paragraphs 1 – 22 as fully set forth herein.

36.     On February 12, 2020, Plaintiff sent a demand letter to Defendants for his unpaid wages. Defendants refused to remit payment for Plaintiff's unpaid compensation.

37.     Plaintiff was not paid for 59 hours of his service for his entire employment from January 13, 2020 to January 23, 2020.

38.     Defendants knew that Plaintiff performed 59 hours of work for their benefits from January 13, 2020 to January 23, 2020, but refused to compensate Plaintiff properly.

39.     Plaintiff reasonably estimates that she is owed $1,770.00 as a base amount.

40.     Further, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff MATTHEW EDWARDS requests judgment as follows:

a)  Unpaid wages in the amount to be determined by the Court, less any amount shown as actually paid;

b)  Interest on the amount found due;

c)  Liquidated damages;

d)  Plaintiff's cost of suit, together with reasonable attorney's fees incurred in this action pursuant to Fla. Stat. § 448.08; and

e)  Such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff MATTHEW EDWARDS hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: November 2, 2020.

**LAW OFFICES OF CHARLES EISS, P.L.**
Attorneys for Plaintiff
7951 SW 6th Street, Suite 112
Plantation, Florida 33324
(954) 914-7890 (Telephone)
(855) 423-5298 (Facsimile)

By:     /s/ Charles Eiss
CHARLES M. EISS, Esq.
Fla. Bar #612073
Chuck@icelawfirm.com
SHANNA M. WALL, Esq.
Fla. Bar #0051672
Shanna@icelawfirm.com